UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 2:08-CR-67-DBH-05 |
| | ) | |
| GREGORY ODOM, | ) | |
| DEFENDANT | ) | |

**DECISION AND ORDER ON DEFENDANT'S
MOTION TO VACATE SENTENCE**

On January 13, 2012, Gregory Odom moved to correct his 2009 sentence under 28 U.S.C. § 2255.[1]

On December 23, 2008, Odom pleaded guilty to conspiracy to distribute 50 grams or more of cocaine base. In doing so, he waived his right to appeal any sentence of 120 months or less. Plea Agreement at 3 (ECF No. 173). Over his objection to treating his previous North Carolina convictions as qualifying predicate convictions, I concluded that he was a career offender. Mem. Op. on Sentencing Issues at 2-3 (ECF No. 272). At sentencing on September 3, 2009, I calculated a statutory mandatory minimum sentence of five years and an initial Guideline range of 262 to 327 months. Sentencing Tr. 17:2-18 (ECF No. 301). The government moved for a downward departure under Guideline § 5K1.1 for

---

[1] Actually, that was the date the court received Odom's pro se letter requesting a sentence reduction in light of the Fourth Circuit's then-recent decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Odom did not file a formally designated § 2255 petition until November 2, 2012, after I appointed counsel to represent him. Since the distinction has no bearing on the ultimate outcome, I treat January 13, 2012 as the date of filing.

Odom's cooperation and recommended a sentence of 157 months.  Id. at 5:19-7:2.  Odom's lawyer recommended a sentence of 120 months.  Id. at 12:17-24.  I granted both the government's motion for downward departure and Odom's motion for variant sentence and imposed a sentence of 120 months as Odom requested.  Taking into consideration the sentencing factors that 18 U.S.C. § 3553(a) enumerated, I explained that although Odom was technically a career offender, his predicate crimes were relatively innocuous as career offender crimes go, involving the burglary of the place where he lived[2] and a relatively small quantity of marijuana, and that consequently a variant sentence was warranted.  Id. at 18:25-20:16.  Odom did not file a notice of appeal within the ten-day period after his sentencing.[3]

On July 8, 2011, Odom filed a pro se motion to reduce his sentence under the Fair Sentencing Act of 2010.  See Mot. to Reduce Sentence (ECF No. 306).  I denied that motion on November 3, 2011.  See Order on Mots. to Appoint Counsel and Reduce Sentence (ECF No. 311).  I explained in that Order that because I based Odom's original sentence upon the career offender Guideline and not the crack cocaine Guideline, the amendments to the crack cocaine Guideline were inapplicable.  Id. at 2.

On January 13, 2012, Odom wrote me a letter that the Clerk's Office treated as a motion for reconsideration of my order denying his Fair Sentencing Act motion.  See Mot. for Reconsideration (ECF No. 317).  In essence, however,

---

[2] He burglarized the home of his mother and stepfather, a home in which Odom himself was residing at the time.
[3] At the time, Fed. R. App. P. 4(b)(1)(A) provided a ten-day period for filing a notice of appeal after judgment in a criminal case; that period has since been lengthened to fourteen days.

the letter asked me to determine whether the Fourth Circuit's then-recent decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), had any bearing upon Odom's predicate North Carolina convictions that made him a career offender. (Relying upon the 2010 Supreme Court decision of Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), Simmons held that a prior North Carolina conviction can be treated as a felony under the career offender Guideline only if the North Carolina court had actual authority to impose a sentence in excess of one year on a person with the defendant's level of aggravation and criminal history, a holding that might affect one or both of Odom's predicate North Carolina convictions.) In response to the letter, I appointed Odom's previous lawyer to represent him.

On April 23, 2012, Odom through his lawyer filed a motion for a writ of habeas corpus under 28 U.S.C. § 2241. See Petition for Writ of Habeas Corpus (ECF No. 320). Odom filed a formally designated § 2255 petition on November 2, 2012, and shortly thereafter withdrew his previous motions for reconsideration and habeas corpus. See Mot. to Vacate Sentence (ECF No. 330); Withdrawal of Mots. (ECF No. 335). Odom contends that I improperly treated his prior North Carolina convictions as felonies, because under North Carolina's sentencing scheme as interpreted by Simmons, he could not have received a sentence greater than one year for these offenses.

## ANALYSIS

Section 2255(f) imposes a one-year period of limitation for § 2255 motions, with the one year running from the latest of four dates. Only two of them are implicated here: (1) "the date on which the judgment of conviction

becomes final" and (3) "the date on which the right newly asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[4]

Odom's conviction became final on September 13, 2009, upon expiration of the ten-day period for filing an appeal after sentencing.[5] See, e.g., Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."); McKoy v. United States, 2013 WL 530470, at *1 (D. Me. Jan. 4, 2013) ("[B]ecause [defendant] never appealed his conviction or sentence, the judgment against him became final . . . when a notice of appeal was due to be filed." (citation omitted)). Carachuri-Rosendo was decided June 14, 2010. Odom did not file his collateral attack until January 13, 2012, at the earliest—over two years after his conviction, and well over a year after the Supreme Court decided Carachuri-Rosendo, the decision that prompted the Fourth Circuit's decision in Simmons.[6] Odom's petition is

---

[4] The other two dates are (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action" and (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). Odom does not suggest that either applies and, on their face, both are inapplicable.

[5] See supra note 3.

[6] I recognize that the Fourth Circuit issued its decision in Simmons applying Carachuri-Rosendo to North Carolina's sentencing scheme on August 17, 2011, less than a year before Odom's January 13, 2012 letter to me asking for legal help on the implications of Simmons and Odom's initial habeas petition on April 23, 2012. But the text of § 2255(f)(3) unambiguously refers to "the date on which the right newly asserted was initially recognized *by the Supreme Court*" (emphasis added). See also Dodd v. United States, 545 U.S. 353, 357-59 (2005) (finding the statutory language unequivocal in selecting only one date—the date the right was initially recognized by the Supreme Court—and holding that the § 2255(f)(3) period runs from the date
*(continued next page)*

thus untimely, because more than one year had run from both dates before he filed.[7]

**CONCLUSION**

For the foregoing reasons, I **DENY** Odom's motion to vacate his sentence under 28 U.S.C. § 2255.[8]

Finally, I also find at this time that no certificate of appealability should issue because there is no substantial issue that could be presented on appeal. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); First Circuit Local Rule 22.0. Odom has not shown that "jurists of reason would find it debatable," Gonzalez

---

on which the Supreme Court initially recognized the right, not from the date on which the right was made retroactively applicable). The applicable date is thus that of Carachuri-Rosendo rather than that of Simmons.

[7] I therefore need not decide whether the "newly recognized" right has also been made retroactively applicable to cases on collateral review. Compare United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012) ("Carachuri at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment . . . . It is, therefore, not retroactively applicable to cases on collateral review." (citation omitted)), and Fields v. Warden, FCC Coleman-USP 1, 484 F. App'x 425, 427 (11th Cir. 2012) (petitioner "has not shown that . . . Carachuri-Rosendo [is] retroactive"), with cases retroactively applying the rule of Begay v. United States, 553 U.S. 137 (2008), and Chambers v. United States, 555 U.S. 122 (2009). See Narvaez v. United States, 674 F.3d 621 (7th Cir. 2011); United States v. Shipp, 589 F.3d 1084 (10th Cir. 2009).

The "procedural default" doctrine, under which § 2255 claims generally cannot be used to challenge issues that the defendant failed to raise on direct appeal, likely furnishes a separate ground preventing Odom from succeeding on his current claim. See, e.g., United States v. Frady, 456 U.S. 152, 165-68 (1982) (stating that "a collateral challenge may not do service for an appeal" and requiring a showing of "cause and actual prejudice" to overcome a procedural default). Odom has shown no cause for his failure to raise this claim on direct appeal.

[8] To the extent that Odom also argues that this court incorrectly considered his North Carolina marijuana conviction as a "prior conviction for a felony drug offense" increasing his mandatory minimum sentence from five to ten years under 21 U.S.C. § 841(b)(1)(B), see Mot. to Vacate Sentence at 3, that assertion finds no support in the record. I recognized the marijuana conviction only as a prior "controlled substance offense" for career offender purposes under U.S.S.G. § 4B1.1, see Mem. Op. on Sentencing Issues at 3 n.2, not as a prior conviction raising Odom's statutory mandatory minimum sentence. The presentence report did not take into account Odom's prior marijuana conviction in the calculation of his mandatory minimum sentence, nor did I consider it at sentencing. Instead, I confirmed at sentencing that the government's change of position on drug quantity changed that minimum to five years rather than the ten years stated in the presentence report. Sentencing Tr. at 17:2-18.

v. Thaler, 132 S. Ct. 641, 648 (2012), whether § 2255(f) bars his claim—given the date of the final judgment against him and the decision dates of Carachuri-Rosendo and Simmons (even assuming those cases are retroactively applicable on collateral review[9]).

**SO ORDERED.**

**DATED THIS 4TH DAY OF JUNE, 2013**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[9] See supra note 7.